Martin C. Planken and Mary Planken v. Commissioner.
Planken v. Commissioner
Docket No. 88931.
United States Tax Court
T.C. Memo 1965-117; 1965 Tax Ct. Memo LEXIS 211; 24 T.C.M. (CCH) 617; T.C.M. (RIA) 65117; April 30, 1965
*211 Martin C. Planken, pro se. Robert W. Goodman, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined deficiencies in the income tax of petitioner Martin C. Planken for the calendar years 1955 and 1956 in the respective amounts of $487 and $513, and in petitioners' income tax for the calendar year 1957 in the amount of $476.84. Respondent also determined additions to the tax under section 6653(b) [1] of the Internal Revenue Code of 1954 but by amended answer filed at the trial struck the allegations contained in his answer to the petition filed with respect to the addition to tax under section 6653(b) and alleged that petitioners were liable for additions to tax under section 6653(a) in the respective amounts of $24.35, $25.65 and $23.84 for the years 1955, 1956 and 1957, respectively. Findings of Fact Petitioner Martin C. Planken filed an individual income tax return for each of the years 1955 and 1956 with the district director of internal revenue, Manhattan, New York City, New York. Petitioners Martin *212 and Mary Planken filed a joint income tax return with the same district director for the year 1957. Petitioner Martin C. Planken (hereinafter referred to as petitioner) was employed as a waiter at Lindy's Restaurant in New York City for approximately 24 years prior to retiring in 1963. During each of the calendar years 1955, 1956 and 1957 he was so employed. Petitioner's salary at Lindy's was based on the number of days he worked. During 1955 and the first part of 1956 his salary was $6 per day and sometime in the latter part of 1956 was increased to $6.60 per day. During the year 1957 petitioner worked 239 1/2 days. Petitioner for the year 1957 received wages from Lindy's in the amount of $1,840.51. During the years 1955 and 1956 petitioner received wages from Lindy's Restaurant in the amounts of $1,779.68 and $1,824.56, respectively. During a 2-week period in March of 1957 and a 2-week period in September, during which petitioner worked a total of 20 days, he wrote checks for customers at Lindy's amounting to a total of $2,650.31 or an average of $132.51 per day. Petitioner would sometimes write a check for a group of customers that would be served by more than one waiter and *213 the tip left would be split equally among the waiters serving the parties. Sometimes petitioner would assist another waiter who would write the check and split the tip with petitioner. Tourists very often came into Lindy's, particularly for lunch and for dessert and coffee. Lindy's is very famous for its strawberry shortcake and about 50 percent of the tourists would come in for strawberry shortcake. Some of the tourists would not leave a tip after they had been served. After making allowance for tourists who did not leave any tips petitioner received an average tip on the sales checks he wrote of at least 8 percent. Petitioner on his income tax returns for 1955, 1956 and 1957 reported $1,025, $1,000 and $1,000, respectively, as income from tips. Petitioner arrived at this figure by estimating that he had worked approximately 200 days and had received tips of $5 a day. Petitioner kept no record or written notes as to how much he received in tips while working as a waiter. At the end of each year he received a slip from Lindy's which he used as a record in computing his income for the purpose of his Federal income tax return. Respondent in his notice of deficiency determined that *214 petitioner received additional income from tips of $2,500, $2,600 and $2,600 for the years 1955, 1956, and 1957, respectively. Respondent's determination for each of these years was based upon a computation of the total amount of tips received by all waiters at Lindy's restaurant by a formula and applying the formula to each waiter who worked at Lindy's, including petitioner. In applying the formula in each year in issue, respondent began with the premise that total tips received by all waiters at Lindy's Restaurant were approximately 15 percent of total sales at Lindy's Restaurant, less certain sales not productive of tips. The sales eliminated from the computation of total tips were sales of food taken out of the restaurant and sales of cigars, cigarettes and candy. Once the total amount of tips received by all waiters was determined as 15 percent of sales productive of tips, this amount was reduced by 10 percent because of payments made to bus boys, thus arriving at total net tips received by all waiters. The reduction of the total amount of tips received by all waiters by 10 percent for payments made to bus boys was based upon information furnished respondent's examining *215 agent by the waiters at Lindy's Restaurant. Total net tips received by all waiters was then compared with total wages paid all waiters by Lindy's Restaurant. When total net tips received by all waiters was compared with total wages paid all waiters for each of the years in issue, it was determined that total net tips were over 200 percent of total wages for each of the years in issue. This percentage was then reduced to an even 200 percent for each of the years in issue to account for variations in income from tips earned by individual waiters. Based upon the premise that total net tips were only 200 percent of total wages paid all waiters, then total net tips received were the following percentages of total sales productive of tips in the years here in issue: 1955
12.76 percent
1956
11.91 percent
1957
12.64 percent
Ultimate Facts Petitioner received total income from tips in an amount of $2,400, $2,500 and $2,600 in the years 1955, 1956, and 1957, respectively. Petitioner's failure to keep any records of the tips he received was not due to reasonable cause. Opinion The issue in this case is entirely factual. Petitioner recognizes that amounts received *216 from tips constitute income on which tax must be paid. He contends that respondent's determination is excessive in amount. Petitioner estimated that he received $5 to $6 a day on the average in tips and said he had arrived at the tips on his income tax return by applying his $5 estimates to an estimate of his number of working days which he said he estimated at 200. From petitioner's own statement with respect to his daily pay, even after making an allowance for some vacation which the record only shows by inference, the number of days he worked are shown to be in excess of 200 days and the best inference from the record is that in no year here involved did he work less than 230 days. The evidence shows that in the year 1957 petitioner worked 239 1/2 days. Therefore, even on petitioner's lowest estimate of his tips the amount reported on his income tax return as tips received was understated. From petitioner's testimony it appears that he was not in good health during the years here involved but he gave no indication that for reasons of health he did not work on a full-time basis except possibly for some vacation. In his petition, he estimated his tips at 10 percent of sales and *217 at $10 a day. Petitioner testified that tips ranged from 5 to 10 percent and that even allowing for tourists who gave no tips he averaged tips at approximately 8 percent of his sales. For the period comprising 20 workdays during 1957 the record shows the average daily sales by petitioner to be $132.51 and 8 percent of this amount of sales results in tips amounting to in excess of $10 per day. Considering all the evidence we have arrived at the conclusion that petitioner's tips were $2,400, $2,500 and $2,600 for the years 1955, 1956 and 1957, respectively and have so found. The evidence shows that petitioner did not keep records of the tips he received. The addition to tax under section 6653(a) was raised by respondent as an affirmative allegation in his answer. The evidence in the record negates any justification for petitioner's failure to keep any records. The only reason he gave was that he did not know he was required to keep such records. The evidence shows that he received slips from Lindy's showing the number of days he worked which he did not state that he kept. These slips must have shown that petitioner worked more than the 200 days each year which he estimated and *218 the record does not disclose what additional information was shown on these slips. We sustain respondent in the addition to tax under section 6653(a). Decision will be entered under Rule 50. Footnotes
1. All references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩